# United States Court of Appeals for the Federal Circuit

---

**JOSHUA L. SMITH,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1749

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3568, Judge Amanda L. Meredith, Judge Joseph L. Toth, Judge William S. Greenberg.

---

Decided: April 04, 2025

---

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, BRENDAN DAVID JORDAN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––

Before DYK, MAYER, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

Joshua Smith was substituted in his deceased veteran father's appeal to the Board of Veterans' Appeals. The Board denied Mr. Smith's request for an earlier effective date for benefits for service-connected injuries based on allegedly newly associated service department records. The U.S. Court of Appeals for Veterans Claims affirmed. We determine that Mr. Smith's appeal to this court is moot and thus dismiss.

### BACKGROUND

In 2010, George Smith ("Mr. Smith, Sr.") filed to reopen a previously denied claim for benefits for service-connected post-traumatic stress disorder ("PTSD"). J.A. 57. The Department of Veterans' Affairs ("VA") regional office ("RO") granted service connection effective on the date of his 2010 request to reopen. J.A. 58–64. Mr. Smith, Sr. appealed, requesting an effective date prior to the date of the 2010 request to reopen. J.A. 91–94. In 2015, the Board of Veterans' Appeals ("Board") remanded to obtain and review the complete record, since prior VA medical treatment records, which indicated an earlier PTSD diagnosis, were not in the claims file. J.A. 95–98. On remand, the RO determined that Mr. Smith, Sr.'s first PTSD diagnosis was in 2007, but the RO did not grant this earlier effective date, since that diagnosis was for medical treatment purposes and not currently part of the claim file. J.A. 99–126.

Mr. Smith, Sr. appealed to the Board, requesting an effective date prior to the date of the 2010 request to reopen. *See* J.A. 128. After Mr. Smith, Sr. died in 2016, the Board dismissed the appeal as moot. J.A. 127–32. The VA then granted a request by appellant, Joshua Smith

("Mr. Smith"), who is the son of Mr. Smith, Sr., to substitute as the claimant. J.A. 133–36.

In 2021, the Board granted an earlier effective date based on Mr. Smith, Sr.'s first PTSD diagnosis in 2007, because the Board determined that his entitlement arose on the date of that diagnosis, not merely the date in 2010 when the VA received Mr. Smith, Sr.'s request to reopen. J.A. 137–49. The Board also decided that Mr. Smith, as an adult, was "only eligible for the accrued benefit necessary to reimburse expenses bore [sic] in relation to the last sickness or burial of the Veteran." J.A. 139–40 (citing 38 C.F.R. § 3.1000(a)(5)).

Later in 2021, the RO implemented the Board decision, calculating the total accrued benefits. J.A. 189–92. The RO "defer[red] a decision on payment of accrued benefits on development of evidence of expenses." J.A. 190. The difference between the total calculated by the RO and payments already disbursed to Mr. Smith, Sr. under the RO rating decision from 2010 amounted to over $9,000. *See* J.A. 63, 190; Appellee's Br. 14.[1] Mr. Smith then sent to the VA a "breakdown of funeral expenses" for Mr. Smith, Sr., a total of $1,143. J.A. 196–98.

In 2022, Mr. Smith appealed to the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), requesting an even earlier effective date because, according to Mr. Smith, the Board misinterpreted the requirement to reconsider newly associated service department records under 38 C.F.R. § 3.156(c). J.A. 150–79. The Veterans Court affirmed. J.A. 1–11. The Veterans Court determined that the Board had properly considered all available evidence, including newly associated service department

---

[1]    The "more than $9,000" difference is based on calculations by the VA, Appellee's Br. 14, but Mr. Smith does not dispute this calculation. Appellant's Reply Br. 2.

records under § 3.156(c), to conclude that the earliest possible effective date was that of Mr. Smith, Sr.'s first PTSD diagnosis in 2007. *Id.*

On appeal to this court, Mr. Smith argues that the Veterans Court misinterpreted § 3.156(c) and, as a result, should have remanded for the VA to grant him an earlier effective date. Appellant's Br. 6–16. The Secretary of Veterans Affairs ("Secretary") responds that the appeal is moot. Appellee's Br. 12–14. In the alternative, the Secretary argues that the court did not misinterpret the regulation or that any error in doing so was harmless. Appellee's Br. 14–27.

## DISCUSSION

The Secretary argues that Mr. Smith's appeal is moot, as it would be of "no consequence" to him if, on remand, the claim were assigned an earlier effective date. Appellee's Br. 12–13. According to the Secretary, as a substituted party for his deceased veteran father, Mr. Smith is only entitled to the deceased veteran's due and unpaid accrued benefits up to a certain point: those that would cover the expenses of last sickness and burial. Appellee's Br. 13. Here, as noted previously, those expenses amount to $1,143. J.A. 198. Thus, according to the Secretary, even if the amount of accrued benefits were to increase based on an earlier effective date, Mr. Smith would nonetheless be entitled to only $1,143 of that pot of accrued benefits. Appellee's Br. 14. The Secretary notes that, based on the 2021 RO implementation, the unaccounted-for benefits amount to over $9,000, which is more than $1,143—thus, any decision granting entitlement to more accrued benefits would not affect the outcome for Mr. Smith. Appellee's Br. 14. For the following reasons, we agree.

We review mootness de novo as a question of law. *Ford Motor Co. v. United States*, 688 F.3d 1319, 1329 (Fed. Cir. 2012). Federal courts may only decide "cases and controversies." *Kingdomware Techs., Inc. v. United States*, 579

U.S. 162, 169 (2016) (cleaned up). This means that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). Federal courts are "not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (cleaned up).

The VA granted Mr. Smith substitution under 38 U.S.C. § 5121A. J.A. 134. That section requires that "[t]hose who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title." 38 U.S.C. § 5121A(b). Turning to 38 U.S.C. § 5121, that provision contains six subsections. The only applicable subsection is (a)(6), which requires that, "[i]n all other cases" besides those enumerated at (a)(1)–(5), "only so much of the accrued benefits may be paid as may be necessary to reimburse the person who *bore the expense of last sickness and burial*." 38 U.S.C. § 5121(a)(6) (emphasis added). Here, Mr. Smith does not fall into any of the enumerated categories at 35 U.S.C. § 5121(a)(1)–(5).[2] As a result, Mr. Smith falls within the "other cases" under § 5121(a)(6), so he can only be reimbursed for the expenses of last sickness and burial.

---

[2] The only enumerated "case" that might apply to Mr. Smith would be the case enumerated at 38 U.S.C. § 5121(a)(2)(B), which permits benefits to go to a "veteran's children" upon the veteran's death. But 38 U.S.C. § 101 defines "child" under this title as a person who is unmarried and is either below 18 years old, "became permanently incapable of self-support" prior to that age, or is between 18–23 years old and "is pursuing a course of instruction at an approved educational institution." Mr. Smith meets none of these criteria for "child," and thus § 5121(a)(2)(B) does not apply to him. *See* J.A. 139–40.

At his time of death, Mr. Smith, Sr. was entitled to and had not received benefits for at least the previously unaccounted-for period from the effective date in 2007 assigned by the RO and the earliest date of certain records in 2009. *See* J.A. 63, 190. These benefits amounted to over $9,000. *Id.*; *see also* Appellee's Br. 14. By contrast, Mr. Smith's expenses for last sickness and burial were $1,143 for the cost of the funeral, J.A. 198—significantly less than $9,000. If Mr. Smith were to obtain an even earlier effective date, prior to 2007, any increase in unaccounted-for benefits would not change the amount of Mr. Smith's reimbursement under § 5121(a)(6). Here, Mr. Smith can only be reimbursed up to $1,143 from his father's accrued benefits of $9,000 (or more, assuming an effective date earlier than the date of the PTSD diagnosis in 2007).

Mr. Smith argues that he should receive the entirety of the benefits due to Mr. Smith, Sr., because 38 U.S.C. § 5121A, which sets out the requirements for substitution in cases pending before the VA, "allows him [Mr. Smith] to complete his father's pending appeal to recover all benefits due his father." Appellant's Reply Br. 4 (Mr. Smith's emphasis). According to Mr. Smith, this provision is not limited by the separate statutory provision at 38 U.S.C. § 5121(a)(6), which limits recovery of an accrued benefits recipient to "the expenses of last sickness and burial." Appellant's Reply Br. 4. We reject Mr. Smith's reading of § 5121A. Subsection (a)(1) of this provision requires that "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may . . . file a request to be substituted as the claimant for the purposes of processing the claim to completion." 38 U.S.C. § 5121A(a)(1). This provision does not, contrary to Mr. Smith's position, provide that Mr. Smith is entitled to "recover all benefits" due to his father upon substitution. Rather, this provision allows a party, like Mr. Smith, to be substituted so long as the party is eligible under § 5121(a). As previously discussed, § 5121(a) provides six categories

of persons potentially eligible to recover benefits. And as we determined, Mr. Smith can recover only under subsection (a)(6), which limits recovery to the expenses of last sickness and burial. Mr. Smith fares no better under subsection (b) of 38 U.S.C. § 5121A, which also limits recovery of benefits based on the provisions of § 5121(a). *See* 38 U.S.C. § 5121A(b) (noting that "[t]hose who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title").

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the above reasons, we conclude that Mr. Smith's appeal is moot.

## **DISMISSED**

### COSTS

No costs.